Case 1:13-cv-00012-JTN ECF No. 1, PageID.1 Filed 01/07/13 Page 1 of 5

FILED - GR
January 7, 2013 1:18 PM
TRACEY CORDES CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY_anm /____Scanned AM / JT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| LORIE VOLOVLEK, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **1:13-cv-12** |
| v. | ) | **Janet T. Neff** |
| | ) | **U.S. District Judge** |
| GC SERVICES, LP, | ) Hon. | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, LORIE VOLOVLEK ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., and hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Collection Practices Act, Mich. Comp. Law 445.901 *et seq.* ("MCPA").

### JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Michigan therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2), "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"

## PARTIES

6.      Plaintiff is a natural person residing in Grand Haven Park, Michigan.

7.      Defendant is a business entity with a business office located at 6330 Gulfton, Houston, Texas 77081.

8.      Defendant is a debt collector / collection agency as that term is defined by 15 U.S.C. 1692a(6) and Mich. Comp. Law 445.251(b).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     In or around October of 2012, Defendant placed at least one collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

11.     Plaintiff's alleged debt owed arises from transactions used for personal, family, and household purposes.

12.     Defendant called Plaintiff's telephone numbers at: 616-844-08XX and 616-402-69XX.

13.     In or around October of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

14.     In the voicemail message, Defendant's representative, "John Sullivan" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit A.

15. In the voicemail message, Defendant's representative, "John Sullivan", directed Plaintiff to call him back at 1-866-749-7274, extension 6142, which is a number that belongs to Defendant. *See* Exhibit A.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

   b. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

   c. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

   d. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiff, LORIE VOLOVLEK, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

20. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN COLLECTION PRACTICES ACT

21. Plaintiff repeats and re-alleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant willfully violated the MCPA based on the following:

   a. Defendant violated § 445.252(a) of the MCPA by communicating with Plaintiff in a misleading and deceptive manner.

   b. Defendant violated § 445.252(e) of the MCPA by leaving messages for Plaintiff without revealing the purpose of a communication when it is made in connection with collecting a debt.

WHEREFORE, Plaintiff, LORIE VOLOVLEK, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

23. Statutory damages of $150.00 pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2),

24. Costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2), and

25. Any other relief that this Honorable Court deems appropriate.

Dated: 12/26/12

KROHN & MOSS, LTD.

By: /s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN)

Plaintiff, LORIE VOLOVOLEK, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LORIE VOLOVOLEK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11-21-12

_____
LORIE VOLOVOLEK,
Plaintiff

Nov 21 12 07:31a    Grand Haven Dental Care    616-847-0917    p.5